UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================

ABRAHAM RETEK individually and
on behalf of all others similarly situated

                Plaintiff,

    -against-

MERCANTILE ADJUSTMENT BUREAU, LLC

               Defendant.

===================================

## CLASS ACTION COMPLAINT

### *I.  Introduction*

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

1. Plaintiff Abraham Retek brings this action to secure redress from unlawful collection practices engaged in by Defendant Mercantile Adjustment Bureau, LLC.

2. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.   Parties

4. Plaintiff is a citizen of the State of New York who resides within this District.

5. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, Defendant's principal place of business is located in Williamsville, New York.

7. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.   Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.   Allegations

11. On or about September 7, 2017, Defendant sent a collection letter to the Plaintiff Abraham Retek. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. The September 7, 2017 letter stated in pertinent part as follows: "**Please**

**send payment or correspondence to:** Mercantile Adjustment Bureau, LLC PO Box 9055 Williamsville NY 14231-9055."

14.The FDCPA states in Section 1692g(b):

"[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

15.Such overshadowing of a consumer's validation rights occurs not only when a validation notice provides inconsistent language, but also in a case when the general tenor of the statement would mislead the unsophisticated consumer and encourage him to disregard her rights under the FDCPA.[1]

16.The Defendant's said statement bolsters the belief that disputes may not be made orally by stating that any correspondence regarding this account must be in writing to the PO Box address.[2]

17.Although not expressly stated, the letter implies that any correspondence regarding this account, other than correspondence to discuss payment arrangements, must be in writing and directed to the PO Box address.

18.However, these statements are false since Plaintiff can dispute the debt

---

[1] *Balke v. All. One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("the Court finds that, although the Collection Letter did not explicitly state that the Plaintiff could only dispute the debt in writing, from the perspective of the least sophisticated consumer, the inclusion of a mailing address to which "all correspondence for this account should be mailed" introduces enough uncertainty regarding the permissible methods of disputing the debt to state a plausible claim for relief under the statute.")

[2] See e.g., *Caprio v. Heathcare Revenue Recovery Group, LLC*, 709 F.3d 142, 151 (3d Cir. 2013) (letter stating "if you feel you do not owe this amount, please call us toll free" overshadowed notice; consumer may believe that a phone call was sufficient to trigger duty to verify debt); *Abramov v. I.C. Systems, Inc.*, _ F.Supp.3d_, 2014 WL 5147549 at *5 (E.D.N.Y Oct. 14, 2014) (Directing consumer to dispute debt "in writing" if identity theft is suspected may overshadow right to verbally dispute debt); *Oberther v. Midland Credit Management, Inc.*, _F.Supp.3d_, 2014 WL 4548871, at *6 (D. Mass. Sept. 15, 2014) (letter that gave only two options to stop referral of account to attorney – mail payment, or call to settle – without mentioning that submitting a dispute would also do so, overshadowed validation notice.)

orally over the phone, without having to do so in writing to the PO Box address.[3]

19. Defendant's letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to his right to dispute the debt orally.

20. A letter is overshadowing or inconsistent if the unsophisticated consumer would be confused as to his rights under the FDCPA.

21. The letter overshadows and contradicts the Plaintiff's right to dispute the debt orally and thus violates the FDCPA.

22. The September 7, 2017 letter violated 15 U.S.C. §§ 1692g(a) & 1692e(10), for overshadowing the Plaintiff's rights within the thirty-day period, and for engaging in false and deceptive practices.

23. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

24. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

---

[3] *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013) (Requiring a consumer to dispute a debt in writing violates the FDCPA.); *Balke v. Alliance One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Plaintiff correctly notes that consumers are not required to dispute an alleged debt in writing. Thus, by advising the consumer **that any correspondence** for this account should be sent to the listed mailing address, it **wrongly implies that disputes must be made in writing**, and may lead the least sophisticated consumer to believe she has that obligation. . . . It is undisputed that the Second Circuit has prohibited debt collectors from stating, directly or indirectly, that consumers may only enforce their right to dispute an alleged debt in writing.") (emphasis added); *Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016) ("Because the language "written disputes" as used in the challenged phrase has the potential to overshadow or contradict the information contained within the Section 1692g notice and thereby confuse or mislead the least sophisticated consumer into erroneously believing that a dispute must be in writing, the Plaintiff has stated a valid cause of action under this theory of recovery."); *Zengerle v. Dynia & Assocs.*, 2013 U.S. Dist. LEXIS 130873 (M.I. 2013) (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.)

25. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

26. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

27. The Plaintiff alleges and avers that the Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

28. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

29. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

30. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

31. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *V.     Class Allegations*

32. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33. The identities of all class members are readily ascertainable from the records of the Defendant and those business and governmental entities on whose behalf it attempts to collect debts.

34. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

35. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

36. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

37. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

39. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

42. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.   Cause of Action

43.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.   This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

- a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;
- b) the collection letter was sent to a consumer seeking payment of a personal debt;
- c) the collection letter was not returned by the postal service as undelivered;
- d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692g(a) & 1692e(10), for overshadowing Plaintiff's rights within the thirty-day period, and for engaging in false and deceptive practices.

### VII.   Violations of the Fair Debt Collection Practices Act

45.   The Defendant's actions as set forth above in the within complaint violates the FDCPA.

46.   Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

47.   As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to

preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.    Jury Demand*

48.    Plaintiff demands a trial by jury.

### *IX.    Prayer for Relief*

49.    Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   September 7, 2018

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

| | | |
|---|---|---|
| Current Creditor: | Bank of America, N.A. | 09/07/2017 |
| Original Creditor: | Bank of America, N.A. | |
| Account Number: | *************0778 | |
| Reference Number: | Redacted B00 | |
| Current Balance: | $6,604.35 | |
| Amount Enclosed: $ | | |



**MERCANTILE**
*Innovative Solutions, Exceptional Results*

165 Lawrence Bell Drive, Suite 100
Williamsville, NY 14221-7900
1-866-513-9461

**Please send payment or correspondence to:**
Mercantile Adjustment Bureau, LLC
PO Box 9055
Williamsville NY 14231-9055

- - - - - - - - - - - - - - - PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT - - - - - - - - - - - - - - -

Date: 09/07/2017

Abraham Retek,

Bank of America has placed the above account with Mercantile Adjustment Bureau, LLC to initiate collection to recover the current balance due as noted above.

Total amount of the debt due as of charge-off:  $6,604.35
Total amount of interest accrued since charge-off:  $0.00
Total amount of non-interest charges or fees accrued since charge-off:  $0.00
Total amount of payments and credits made on the debt since the charge-off:  $0.00

We are available to work with you to help you satisfy the debt in a manner that is fair and equitable to all parties.  Our account representatives are ready to assist you.

Sincerely,

Shawn Martin
Phone Number: 1-866-513-9461

Interest and/or fees will not accrue on your account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt and any information obtained will be used for that purpose.  This is a communication from a debt collector.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

New York City Department of Consumer Affairs License Number(s) 1310227 & 1310229.

Redacted B00
NY01-2-W1   MERCI

Mercantile Adjustment Bureau, LLC 165 Lawrence Bell Drive, Suite 100 Williamsville, NY 14221-7900 1-866-513-9461
Office Hours (Eastern Time): Monday-Thursday: 8:00 am - 9:00 pm  Friday: 8:00 am - 5:00 pm